IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LISA RENEE GREGG, | |
| Plaintiff, | |
| v. | Civil Action No.: SAG-24-2487 |
| SHERIFF JEFF GAHLER, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

Self-represented Plaintiff Lisa Renee Gregg filed this lawsuit against Harford County Sheriff Jeff Gahler, Sgt. Henry Marchesani, the Bel Air Police Department, and the Harford County Government ("Defendants") on August 26, 2024. ECF 1. Plaintiff alleges that she was "falsely accused" of a crime, and as a result lost her job and suffered mental distress. *Id.* at 6. She filed a Supplement to her Complaint on September 9, 2024. ECF 4. Plaintiff also filed a Motion to Proceed in Forma Pauperis, ECF 2, which will be granted. For the reasons that follow, the Complaint must be dismissed.

This case arises out of Plaintiff's arrest and prosecution on state charges. The following facts are derived from Plaintiff's Complaint, which is not a model of clarity, and the supplement she later filed. ECF 1, 4. Plaintiff alleges that she was assaulted at her grandson's birthday party on June 2, 2024. ECF 1 at 2. She left the party and went to her son's house to tell him what had happened. *Id.* at 2–3. While Plaintiff remained in her car and her son, Kendall Lyons, stood outside of the car, several police officers arrived and directed her to "get out of the car" and "[g]et down on the ground." *Id*. at 3. According to Plaintiff, the officers asserted that Plaintiff's vehicle belonged to her other son, Wesley Lyons, Jr., who they alleged had committed a crime. *Id*.

Plaintiff states that while officers waited for a search warrant to search her son Kendall's home, she was placed in the back of a police cruiser and advised that her vehicle would be seized. *Id.* at 3. She was later transported to the Bel Air Police Department. *Id.* While Plaintiff was detained, police obtained a search and seizure warrant for Plaintiff's home. ECF 4 at 15–19. Plaintiff claims that "police busted down my door to my residen[ce] … and tore my house apart" causing damage. *Id.* She asserts that the police did not have any reason to enter her home and that "[t]he alleged suspect doesn't live with me at my residence." *Id.*

While at the Bel Air Police Department, Sgt. Marchesani provided Plaintiff her charging documents, which indicated that she was charged with: "1st Degree Accessory After Fact Murder[,] 2nd Degree Accessory After Fact Murder[, and] Access After the Fact." ECF 1 at 3. Plaintiff asserts that these charges were made up, she had nothing to do with the crime, and the victim was not murdered. *Id.* at 3–4. Additionally, Plaintiff states that she advised Sgt. Marchesani that her vehicle could be released to her son Kendall Lyons, but he was never contacted. *Id.* Plaintiff was not able to recover her vehicle, resulting in a large towing bill which she was unable to pay. *Id.* Ultimately, the vehicle was repossessed. *Id.*

Documents from the state criminal proceeding, which Plaintiff provided, paint a different picture. ECF 4. The statement of probable cause explains that on June 2, 2024, Bel Air Police were dispatched to the Harford Bounce Party Place due to reports of an active shooter. ECF 4 at 29. Witnesses reported that the suspect, later identified as Plaintiff's son Wesley Larry Lyons, fled the scene with Plaintiff and his girlfriend in a maroon Jeep Laredo registered to Plaintiff. *Id.* Approximately one hour later, Harford County Sheriff's Office Deputies located the Jeep Laredo, but only Plaintiff and the other woman were in the vehicle. *Id.* Surveillance video of the shooting showed Plaintiff and a third woman in an altercation, trading blows. *Id.* at 30. Thereafter, Wesley

2

Lyons, the shooting suspect, pulled out a gun and shot the victim. *Id.* Lyons fled the room, as did Plaintiff and Lyons's girlfriend. *Id.* Later, Plaintiff provided a false address to police who suspected that Lyons fled the scene in Plaintiff's vehicle. *Id.* Investigators believed that both Plaintiff and Lyons's girlfriend assisted in concealing Lyons after the shooting. *Id.*

Plaintiff was initially denied bail and held for 23 days, until the initial charges were dismissed upon entry of a nolle prosequi on June 25, 2024. ECF 1 at 4; ECF 4 at 25, 27–28; *see also State v. Gregg*, No. CR-24-1764 (Harford Co. Md. Dist. Ct.). However, that same day, the State of Maryland filed new criminal charges under a new case number CR-24-2024, which appear to arise from the same events.[1] Each of the three misdemeanor charges—Second Degree Assault, Giving a False Statement to an Officer, and Obstructing and Hindering—has an offense date of June 2, 2024, the same date as the shooting and birthday party. *State v. Gregg*, No. CR-24-2024 (Harford Co. Md. Dist. Ct.). Moreover, those charges would fairly stem from the statement of probable cause supporting Plaintiff's initial charges, which described Plaintiff assaulting another person and giving police officers a false home address. ECF 4 at 29–30. Those charges remain pending, and trial is set to commence on October 7, 2024.

This lawsuit cannot proceed at this time because of the doctrine of *Younger* abstention. *Younger v. Harris*, 410 U.S. 37 (1971). *Younger* abstention requires a federal court to abstain from interfering in state proceedings, if there is: "(1) an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). This Court takes judicial notice of facts available on the dockets for Plaintiff's state criminal proceedings.

constitutional claim advanced in the federal lawsuit." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). "*Younger* … sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Id.* at 247

Plaintiff's state criminal case was initiated before this lawsuit and remains pending, and litigation of claims arising from her arrest, detention, and the execution of the search and seizure warrants cannot properly be heard in federal court before their resolution in state court. The State of Maryland has an important interest in resolving criminal charges stemming from alleged violations of state law. The federal issues underlying this civil-rights lawsuit are naturally implicated in Plaintiff's pending criminal case, and Plaintiff will have an opportunity to advance many of them there. This Court's premature intervention could result in inconsistent rulings or impermissibly intrude on the state court's functions. *See Younger*, 401 U.S. at 44.

Accordingly, Plaintiff's complaint must be dismissed without prejudice. Plaintiff may refile her lawsuit after her state criminal case has been resolved. A separate Order follows.

Date:   October 3, 2024

/s/
Stephanie A. Gallagher
U.S. District Court Judge